Michael A. Geibelson, CSB No. 179970
MAGeibelson@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310-552-0130
Facsimile:   310-229-5800

Anne M. Lockner (Admitted *Pro Hac Vice*)
Jennifer G. Daugherty (Admitted *Pro Hac Vice*)
Jennifer M. Robbins (Admitted *Pro Hac Vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone:  612-349-8500
Facsimile:   612-339-4181

Attorneys for Defendants
BEST BUY STORES, L.P. and
BEST BUY CO., INC.

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC TRUONG, HORST SIMON and, CLARISSA PADILLA on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P. and BEST BUY CO., INC.,<br><br>Defendants. | Case No.  SACV09-0997 JVS (MLGx)<br><br>**CLASS ACTION**<br><br>[**PROPOSED**]<br>**PROTECTIVE ORDER** |

The following provisions shall govern the handling and disclosure of Information, including testimony, arguments, filings, Documents, and discovery responses, obtained, generated or produced by any party to these proceedings, or by third parties:

1. Any documents, data, written material, or other information in printed or electronic form disclosed or produced by any party in the context of this action, which the producing party in good faith considers to be trade secret, confidential or proprietary information, in particular: (1) financial information, (2) customer information, (3) competitive information including information that relates to a party's internal policies, procedures, and training materials, (4) information that relates to a party's operations and efforts to comply with statutory regulations (regardless of whether such information is protected by the attorney client privilege), and (5) information whose disclosure is prohibited by non-disclosure agreement(s) with third parties, that is not (a) generally available to the public or in the public domain; (b) available to the relevant trade or industry in which the party operates; or (c) independently known to any other party, may be designated by such party as "Confidential Information" at the time of production. The treatment by the receiving parties of such materials or information as other than confidential prior to their designation as "Confidential Information" shall not be construed as a violation of the provisions herein governing the use of "Confidential Information."

   (a) Designation of Documents or Filings. To designate Confidential Information in Documentary form, the designating party shall place the Legend "CONFIDENTIAL" at the top and/or bottom (as appropriate) of each page that contains material to be protected under this Protective Order.

   (b) Designation of Testimony and Hearing Transcripts. To designate Confidential Information in testimony (or in exhibits referred to therein), the designating party shall: (1) make an oral statement to such effect on the record in the course of the hearing or deposition, or (2) designate a

81360818.6

certified deposition or hearing transcript, or portions thereof, as Confidential by so notifying all parties in writing within twenty (20) days after receipt of such transcript. Pending the conclusion of that twenty day period, the transcript or exhibits shall be treated as Confidential, unless otherwise agreed by the parties.

Portions of transcripts and exhibits containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each page the Legend "CONFIDENTIAL" as instructed by counsel for the party who designated the transcript or exhibit Confidential. If, during any deposition or hearing, any party desires to elicit testimony, offer arguments, and/or introduce Documents or other Information which has been designated as Confidential, or when counsel for a party deems that the answer to a question will result in the disclosure of Confidential Information within the meaning of this Protective Order, any person present at the deposition or hearing who is not permitted access to such Information shall leave the deposition or hearing during the examination or argument. The failure of such persons to leave the deposition or hearing shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

    (c)    Designation of Material Produced in Non-Paper Media or Other Tangible Items. To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the Producing Party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL." In the event the Receiving Party generates any copy, transcription, or printout from any such designated nonpaper media, such party must mark such copy, transcription or printout as "CONFIDENTIAL" and treat it as so designated.

2. All "Confidential Information," regardless of its form or classification, shall be used only by the persons specified in Paragraph 4 below and only in connection with this action and the following actions ("Identified Actions"):

*Jermyn v. Best Buy Stores, L.P.*,
Civ. No. 08 CV 00214 (S.D.N.Y.)

*DiSanto v. Best Buy Stores, L.P. and Best Buy Co., Inc.*,
Civ. No. 2:09-cv-04727 (PGS)(ES) (D.N.J.)

*Laff v. Best Buy Stores, L.P. and Best Buy Co., Inc.*,
Civ. No. 1:09-cv-006649 (GL) (N.D. Ill.)

3. Separately, the parties have agreed that any material originally produced in the *Jermyn* matter and used in the instant action will remain subject to any confidentiality designations determined by the *Jermyn* court.

4. No person shall be given, shown, or allowed to examine, or shall be privy to any discussions regarding material designated as "Confidential" except the following:

    a. the named parties in the Identified Actions, including in-house counsel; counsel of record for the parties; or employees of counsel of record for the parties who have need to see "Confidential Information" in the performance of their duties on counsel's behalf;

    b. the Court and any employees of the Court designated by the Court, with or without notice to the parties;

    c. court reporters retained to transcribe testimony;

    d. any person permitted to review confidential material by Court Order;

    e. persons shown to have authored, received or had knowledge of the document;

    f. experts, consultants, and other persons employed solely for purposes of litigation in the Identified Actions by the parties or attorneys for the parties (collectively "Litigation Consultants"), but only after the Litigation Consultant(s) has signed and provided to the

party with whom he/she is consulting an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order;

g. deposition witnesses who are otherwise qualified under this Paragraph 4 to review "Confidential Information";

h. deposition witnesses employed by a party who was involved with the creation of or has prior knowledge of the "Confidential Information"; and

i. any other witnesses and deponents who have been previously approved to review "Confidential Information" by the producing party and who have signed an Acknowledgment, in the form attached as *Exhibit A*, agreeing to be bound by the terms of the Protective Order.

5. The inadvertent failure of any party to designate documents, data, oral or written material, or information as confidential material shall not constitute, or have the effect of, a waiver of any claim that such material, or any similar material, is confidential within the meaning of this Protective Order, including discovery materials which a party inadvertently fails to designate as confidential at the time of production but which such party subsequently designates as confidential. The treatment by the remaining parties of such materials as other than confidential prior to their designation as confidential shall not be construed as a violation of the provisions herein governing the use of confidential materials.

6. The production of documents or other information by the parties pursuant to this Protective Order shall not constitute a waiver of any claim based upon any wrongful use of the "Confidential Information" or any use of the "Confidential Information" not expressly permitted herein.

7. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request in writing that the

documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

8. All confidential documents and copies of such documents reproduced pursuant to this Protective Order (other than the "work product" of counsel arising from the examination of such documents) shall be surrendered to or destroyed at the request of the party producing such confidential material at the conclusion of the last pending Identified Action, whether by compromise, settlement, or final judgment, and the exhaustion of all appellate remedies (and if returned, such return shall be at the expense of the party requesting return). Any notes prepared by counsel claimed as privileged and arising from the examination of "Confidential Information" need not be destroyed but shall continue to be subject to the restrictions set forth herein after the conclusion of the last pending Identified Action, whether by compromise, settlement, or by final judgment, and the exhaustion of all appellate remedies. All parties and persons to whom "Confidential Information" is disclosed shall, upon written request, certify in writing that the destruction/return obligations of this paragraph have been fully complied with.

9. This Protective Order shall govern all pleadings, discovery procedures, and dispositive and nondispositive motions, and shall apply to filings required pursuant to the Local Rules of this Court. This Protective Order shall not govern the treatment of trial transcripts or the introduction of other evidence at the time of trial, which shall be determined upon application of any party to this action, by subsequent order of this Court. During trial, any party may seek by order of the Court appropriate measures to ensure the confidentiality of "Confidential Information" which is referred to, identified, or introduced into evidence. This Protective Order shall not be interpreted as a waiver or otherwise affect the right of

any party to object to the identification, introduction into evidence, or reference to any documents, data, or written material at the time of trial, including, but not limited to, objections on the grounds that such material is confidential, trade secret, or proprietary.

10. Any disputes concerning the application of any provision of this Protective Order shall be heard by the Court upon application of the aggrieved party after the parties have made an effort to meet and confer in good faith as set forth in Paragraph 12.

11. Nothing herein shall prejudice the right of any party to seek reconsideration by the Court, upon written application, to modify, extinguish, or vacate this Protective Order for good cause shown.

12. If any party objects to the classification or designation of "Confidential Information" herein, said party shall first contact the party making such designation or classification, shall describe with particularity the documents or information in question (including specific Bates numbers), and shall meet and confer in good faith within ten (10) days after contacting the designating party in an effort to resolve the dispute. If the dispute cannot be resolved during the meet and confer period, any party may request relief from the Court by filing and serving a joint stipulation and motion under Local Rule 37 (and in compliance with Local Rule 79-5, if applicable) within fourteen (14) days of the parties' meet and confer. During the pendency of such dispute or application, and until the Court may rule otherwise or the time for filing the joint stipulation has expired, the Information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Protective Order. The foregoing procedures shall also apply to any objection by a producing party to the disclosure of "Confidential Information" to experts, consultants, and other persons employed by the parties as provided in Paragraph 4 above.

13. Should any person bound hereby receive a subpoena, civil or regulatory investigation demand, or other process from a third party which may be construed to require the disclosure of "Confidential Information" in any form, said person shall immediately give notice to the party or his attorney who designated the information sought by the subpoena, demand, or other process as confidential. Once notified, it shall be the burden of the party who designated the information confidential to protect the information from disclosure or production pursuant to the subpoena, demand, or process.

14. Third parties producing documents in the course of this action may also designate documents as "Confidential Information," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

15. Any party may further limit access to Confidential Information by (1) redacting Social Security numbers, credit card numbers, names of minor children, dates of birth, and financial account numbers, until and unless the Court orders that such numbers and information be produced; and (2) redacting privileged materials prior to production. Nothing in this Protective Order shall be construed as a waiver of any party's right to object to such redactions, and to seek production of the unredacted Documents nor shall it be construed as a waiver of any Producing Party's ability to redact Information beyond the categories listed herein. A party who seeks disclosure of redacted Information shall meet and confer with the redacting party and, if the dispute cannot be resolved informally, may seek relief from the Court in the same manner set forth in paragraphs 10, 11, and 12.

16. No individual shall make copies, extracts or summaries of any Confidential Information produced during the course of this litigation except to the extent necessary for use as permitted by this Protective Order. Counsel and all persons to whom such copies, extracts, or summaries are disclosed shall take all

1  reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure
2  of such material.

3      17.   If a party learns that, by inadvertence or otherwise, it has disclosed
4  Confidential Information to any person or in any circumstance not authorized under
5  this Protective Order, that party must immediately: (a) notify in writing the
6  Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve
7  all copies of the Confidential Information, (c) inform the person or persons to
8  whom unauthorized disclosures were made of all the terms of this Protective Order,
9  and (d) request such person or persons to execute the Certification in the form
10  shown in Exhibit A.  The Producing Party shall reserve the right to pursue all
11  available remedies for violation of the terms of this Protective Order in the event of
12  an unauthorized disclosure of Confidential Information.

13      18.   Counsel may make copies of Information designated as Confidential
14  for the purpose of filing copies with the Court and may discuss, describe, and
15  disclose any such Information in any document filed with the Court.  Except as
16  provided in this paragraph, without written permission from the Producing Party or
17  a court order secured after appropriate notice to all interested persons, a party or
18  non-party may not file in the public record in this or any other action any
19  Confidential Information protected under this Protective Order.  A party who
20  wishes to file Confidential Information with the Court must attempt to file that
21  Confidential Information, including any descriptions of or reference to that
22  Confidential Information, under seal in compliance with Local Rule 79-5.  If a
23  Document is filed under seal, where possible, only the portions of filings containing
24  Confidential Information shall be filed with the Court under seal.  Such filings shall
25  be filed in sealed envelopes which will be endorsed with the title and docket
26  number of this Action, an indication of the nature of the contents of such sealed
27  envelope, and a statement substantially in the following form: FILED UNDER
28  SEAL PURSUANT TO THE PROTECTIVE ORDER APPROVED BY THIS

1  COURT. If any Confidential Information is filed with the Court under seal, then
2  the party submitting the Confidential Information shall file a public copy of the
3  pleading containing the Confidential Information in redacted form.
4  Notwithstanding this paragraph, a Producing Party may file its own Information
5  with the Court without filing under seal.

6   19.   Nothing in this Protective Order abridges the right of any person to
7  seek its modification by the Court in the future.

8   20.   By entry of this Protective Order, no party waives any right it
9  otherwise would have to object to disclosing or producing any Information on any
10 ground not addressed in this Protective Order. Similarly, no party waives any right
11 to object on any ground to use in evidence of any of the material covered by this
12 Protective Order.

**IT IS SO ORDERED.**

Dated:   January 26, 2011

_____
MARC L. GOLDMAN
United States Magistrate Judge

81360818.6

# EXHIBIT A

# ACKNOWLEDGMENT

_____ declares that:

I reside at _____ in the city of _____, county of _____, state of _____.

I am currently employed by _____, located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, 2010, filed in Duc Truong, Horst Simon and Clarissa Padilla v. Best Buy Stores, L.P. And Best Buy Co., Inc., Case No. SACV09-0997 JVS (MLGx), pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential Information" or obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential Information," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 20\_\_.

_____
(Signature)